MERRIMAN S. SMITH, Judge.
On the rainy night of June 26, 1949, between the hours of nine and ten o’clock, claimant Ruth Chartrand, was driving her Chevrolet sedan from Clarksburg enroute to Kingwood, Preston county, West Virginia, along state road No. 26. At a point about three miles southwest of Kingwood, near Sniders Crossing, while driving downgrade and around a slight curve, her automobile skidded on the slippery black top road surface causing her to completely lose control of same and the *99 car headed into the bank to the right, throwing her out, after which the car crossed to the other side and ran into a maple tree. As a result of the said accident the radius bone of her right arm was broken and considerable damage was done to the automobile due to the impact with the maple tree, for all of which damages in the sum of $604.00 are requested in this claim to reimburse her for such financial loss sustained as a result of said accident.
This state road No. 26 is a black top and asphalt highway and during certain hours of the day is heavily traveled and by virtue of the composition of black top road material, especially during the hot days, the surface is known to “bleed” —that is tar in the mixture oozes or sweats causing a slippery condition which is greatly aggravated when it is rained upon; consequently at the point of this accident such condition existed while claimant was driving over it. At no point alongside the highway were there any road signs or markers warning the traveling public of the slippery condition of the highway. It is for such failure on the part of the state road commission to erect such warning signs that the claimant bases her claim.
The Supreme Court of West Virginia, in Adkins v. Sims, 130 W. Va. 646, holds that the failure of the state road commissioner to erect markers or danger signals at a particular point on any highway in this state does not create a moral obligation on the part of the state to compensate a person injured on such highway. However, in Judge Fox’s opinion he stated that the court did not mean to say that situations may not arise where the failure of the road commissioner properly xo maintain a highway, and guard against accidents, occasioned by the condition of the road may not be treated as such positive neglect of duty as to create a moral obligation against the state for which the Legislature may appropriate money to pay damages which proximately resulted therefrom. This court does not believe that the instant claim could possibly come within the exception to the general rule applicable to such claims for damages.
*100 This court has repeatedly held that no duty express or implied rests upon the state road commissioner of West Virginia- to maintain the highways under its jurisdiction in more than reasonably safe condition for use in the usual manner and by the ordinary methods of travel; and the state does not guarantee freedom from accident of persons traveling on such highways. Claimant testified that she had driven over this same route several times in traveling to and from her home in Clarksburg to Kingwood. Therefore, she was more familiar with the road conditions than if it had been her first attempt. One witness stated that he had traveled over the same highway daily for years under various weather conditions without any mishaps and another stated that he considered this as good a highway as was in the entire county and that he had traversed the said highway for months at least eight times daily without accident.
Considering the fact that this roadbed was made of black top which by the very nature of the substance is disposed to “bleed” where subjected to the suns rays and becomes slippery under weathering conditions, and at the point of the accident the terrain was not such as to be considered a dangerous curve; the traveling public of this state is familiar with such universal conditions and the state should not be charged with any negligence where the highways are kept and maintained in a reasonably safe condition.
Accordingly an award is denied and the claim is dismissed.